David L. Fisher Bar No.: 70834
**FISHER LAW OFFICE**
1322 Morro Street
San Luis Obispo, CA 93401
Telephone: (805) 543-9156
Email: fisherlaw78@yahoo.com
Attorney for Plaintiff, MICHAEL AARON MCGREW

FILED
CLERK, U.S. DISTRICT COURT
MAY - 7 2014
CENTRAL DISTRICT OF CALIFORNIA
BY ______ DEPUTY

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

MICHAEL AARON MCGREW,

Plaintiff,

vs.

COUNTY OF SAN LUIS OBISPO, THE SAN LUIS OBISPO COUNTY SHERIFF'S DEPARTMENT, SAN LUIS OBISPO COUNTY SHERIFF IAN PARKINSON, JIM VOGE, NOAH MARTIN, BRIAN MOLLENKOPF, SONJA O'DONOHOE, in their official and individual capacities, and DOES 1-50, inclusive,

Defendants.

Case No. CV14-3509 JEM

COMPLAINT, JURY DEMAND

RECEIVED
CLERK, U.S. DISTRICT COURT
MAY - 1 2014
CENTRAL DISTRICT OF CALIFORNIA
BY ______ DEPUTY

COMPLAINT FOR DAMAGES
Violation of Civil Rights
(42 U.S.C §§1983, 1985)
False Arrest
False Imprisonment
Intentional Infliction of Emotional Distress
Malicious Prosecution
Negligence
(Government Code Section 815.6)



FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

## I. INTRODUCTION

1. This is an action for compensatory and punitive damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution as well the California Constitution, and the California Common Law and statutory law, against the County of San Luis Obispo, the San Luis Obispo County Sheriff's Department (SLOSD), San Luis Obispo County Sheriff Ian Parkinson, San Luis Obispo County Sheriff's Deputy Brian Mollenkopf, San Luis Obispo County Sheriff's Department Commander Jim Voge, former San Luis Obispo County Sheriff's Deputy Noah Martin, and San Luis Obispo County Sheriff's Detective Sonja O'Donohoe in their official and individual capacities, and any other such defendants that may be discovered in the course of discovery in this case, for committing acts, under color of law, with the intent and for the purpose of depriving Michael McGrew of rights secured under the federal and state constitutions and the laws of the United States and the State of California and for refusing or neglecting to prevent such deprivations and denials to Michael McGrew.

2. Plaintiff, Michael Aaron McGrew, was subjected to the humiliation and trauma of being falsely arrested and falsely prosecuted for several serious felony sex crimes with potential lifetime registration as a sex offender and potential life prison sentences. He spent almost two years in protective custody at the San Luis Obispo County Jail where he was victim of five physical assaults - resulting in the loss of two teeth - due to the nature of the false allegations against him.

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

3. By way of this Complaint, PLAINTIFF seeks redress for violations of his civil rights.

4. PLAINTIFF's claims are brought pursuant to the Fourth, Eighth and Fourteenth Amendments to the United States Constitution; Title VI of the Civil Rights Act of 1964 and its implementing regulations, 42 U.S.C. §§ 1983 and 1988; Article 1, §§ 1, 3, 7, 13, 17, and 24 of the California Constitution.

## II. JURISDICTION

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. §1367.

6. All administrative remedies have been exhausted. In compliance with California Government Code §910 et seq., PLAINTIFF filed an administrative claim for damages with the County of San Luis Obispo, which it rejected.

7. A substantial part of the events giving rise to the claims alleges in this Complaint arose in the County of San Luis Obispo, California. Venue therefore lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. § 84(c)(2) and 28 U.S.C. § 1391(b)(2).

## III. PARTIES

8. Plaintiff, Michael McGrew, is, and at all relevant times mentioned was, a citizen of the State of California and a resident of the County of San Luis Obispo.

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

9. Defendant County of San Luis Obispo is a county within the State of California. The SLOSD is headquartered in the County of San Luis Obispo and is in charged with enforcing State and local laws within the County of San Luis Obispo. Upon information and belief, the County of San Luis Obispo receives federal funds through federal grants from the United States Department of Justice or another federal agency and those funds are designated to be distributed to the SLOSD. As such, the County of San Luis Obispo as well as the SLOSD is legally required to conduct its activities in a manner that does not violate Mr. McGrew's rights under the United States Constitutional.

10. Upon information and belief, County of San Luis Obispo Sheriff Ian Parkinson, sued here in both his individual and official capacities, is a resident of California who is employed by the SLOSD and the County of San Luis Obispo. Sheriff Parkinson was involved in the policy making with respect to how confiscated property is maintained during the pendency of criminal actions undertaken by the County of San Luis Obispo.

11. Upon information and belief, San Luis Obispo County Sheriff's Department Commander Jim Voge, sued here in both his individual and official capacities, is a resident of California who was at all times relevant employed by the SLOSD and the County of San Luis Obispo. Commander Voge was in charge of the San Luis Obispo County Sheriff's Department's Personnel Unit and was involved with investigating the misconduct of Detective Sonja O'Donohoe. Commander Voge was in charge of discipline of SLOSD personnel. All actions

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

taken by Commander Voge while working as a commander of the SLOSD were taken under color of state law.

12. Upon information and belief, former San Luis Obispo County Sheriff's Deputy Noah Martin, sued here in both his individual and official capacities, is a resident of California who was at all times relevant employed by the SLOSD and the County of San Luis Obispo. Noah Martin was involved in the investigation of Plaintiff, Michael McGrew. All actions taken by Noah Martin while working as a deputy sheriff of the SLOSD were taken under color of state law.

13. Upon information and belief, former San Luis Obispo County Sheriff's Deputy Brian Mollenkopf, sued here in both his individual and official capacities, is a resident of California who was at all times relevant employed by the SLOSD and the County of San Luis Obispo. Deputy Mollenkopf was involved in the investigation of Plaintiff, Michael McGrew. All actions taken by Deputy Mollenkopf while working as a deputy sheriff of the SLOSD were taken under color of state law.

14. Upon information and belief, former San Luis Obispo County Sheriff's Detective Sonja O'Donohoe, sued here in both her individual and official capacities, is a resident of California who was at all times relevant employed by the SLOSD and the County of San Luis Obispo. Detective O'Donohoe was involved in the investigation of Plaintiff, Michael McGrew. All actions taken by Detective O'Donohoe while working as a detective for the SLOSD were taken under color of state law.

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

15. PLAINTIFF is informed and believes that Doe defendants 1 through 25 are all officers of the SLOSD and were at all relevant times acting in the course and scope of their employment and acting under color of law. Upon information and belief, each of Doe defendants 1 through 25 participated in some way in the investigation, arrest and prosecution of PLAINTIFF. Defendants 1 through 25 are all sued in their individual and official capacities. The true names of these defendants are unknown to PLAINTIFF. In due course, PLAINTIFF will amend this Complaint to identify these defendants' true names when they have been ascertained.

16. PLAINTIFF is informed and believes that Sheriff Parkinson and Doe defendants 26 through 50 are officials and/or supervisory officers of the SLOSD and were at all relevant times acting in the course and scope of their employment. Upon information and belief, each of defendants Sheriff Parkinson and Does 26 through 50 directly or indirectly participated in the authorization, planning and supervision of the actions of the individual SLOSD officers involved in this case. Upon information and belief, one or more of these defendants failed to adequately train SLOSD personnel and to promulgate appropriate policies to prevent the violation of PLAINTIFF's rights under the United States Constitutional. Sheriff Parkinson and Does 26 through 50 are sued in their individual and official capacities. The true names of these Doe defendants are unknown to PLAINTIFF. In due course, PLAINTIFF will amend this Complaint to identify these defendants' true names when they have been ascertained.

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

17. Upon information and belief, at all relevant times each defendant was the agent and/or employee of each of the remaining defendants, and in doing the things herein alleged was acting within the course and scope of his or her employment and under color of law. Each of the defendants caused, and is responsible for, the unlawful conduct described herein. Each defendant is responsible for PLAINTIFFs' injuries by personally participating in the unlawful conduct; acting jointly and in concert with others who did so; authorizing, acquiescing or failing to take action to prevent the unlawful conduct; promulgating policies and procedures pursuant to which the unlawful conduct occurred; failing and refusing, with deliberate indifference, to implement and maintain adequate training and supervision; and/or by ratifying the unlawful conduct.

18. All of the defendants, and each of them, are sued both in their individual and official capacities.

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

## IV. FACTS GIVING RISE TO THIS ACTION

19. In the early morning hours of May 2, 2012, Defendant former San Luis Obispo County Sheriff's Deputy Noah Martin and Defendant San Luis Obispo County Sheriff's Deputy Brian Mollenkopf responded to a single family residence in Nipomo, California due to a 911 report that two females had awoken to an unknown man in their bed. Upon arrival, the deputies contacted the alleged victims, a 16 year-old female who shall be referred to as "Alleged Victim #1" ("AV1") and an 18 year-old female who shall be referred to as "Alleged Victim #2" ("AV2").

20. Defendants MARTIN and MOLLENKOPF interviewed both alleged victims immediately upon their arrival. Rather than questioning the two alleged victims separately in order to ensure the credibility of their statements, the defendant deputies interviewed the alleged victims together.

21. Defendant MARTIN recorded the interview with a discrete recording device mounted on his person.

22. AV1 indicated she made the 911 call. She stated that, at the time she made the 911 call, she did not know the identity of the man who was in her bed, but, since making the 911 call, she had become certain that the man was her father's longtime 30 year-old friend, Plaintiff, Michael McGrew.

23. The audio recording of the interview of the alleged victims revealed that, for over the first 34 minutes of the interview, AV1 and AV2 had no knowledge as to whether PLAINTIFF had touched them sexually. The audio recording revealed that Defendants MARTIN and MOLLENKOPF questioned AV1 and AV2 extensively on this issue and consistently received answers from AV1 and AV2 that they were not aware of any sexual touching. AV1 and AV2 claimed that they were asleep, so they did not know if he had sex with them or done anything of a sexual nature to them.

24. For over the first 34 minutes of the interview, AV1 and AV2 consistently stated that, when they had woken up, Mr. McGrew was in the bed between them and began to hold each of them down either with choke holds or head locks.

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

25. Defendants MARTIN and MOLLENKOPF made no mention in their investigative reports of the fact that, for the first 34 minutes of the interview, the alleged victims had no knowledge as to whether Mr. McGrew had touched them sexually.

26. AV1 claimed that Mr. McGrew had taken her very tight jean shorts and underwear off of her while she was asleep. AV2 claimed that Mr. McGrew had taken her pajama pants and underwear off while she was asleep. AV2 told the deputies that she and AV1 woke up when Mr. McGrew somehow threw AV2 over to the lefthand side of the bed. Defendant MARTIN asked her to explain how this was possible, but she was unable to do so. Both alleged victims said they began to hit Mr. McGrew. The alleged victims stated that Mr. McGrew then jumped out of the open bedroom window and ran away.

27. Throughout the interview, the alleged victims showed little to no emotion despite having allegedly been through a traumatic event. The alleged victims can even be heard laughing at several points throughout the interview.

28. Around 36 minutes into the interview, AV1 changed her story and told the defendant deputies that Mr. McGrew had taken her tampon out and, when she woke up, he was "fingering" her in her vagina. She can be heard on the recording to begin to giggle when making this statement. She claimed she could not find the tampon she claimed Mr. McGrew took from her. Later testing for biological fluids (blood, vaginal fluid, saliva, etc.) revealed none of AV1's biological fluids on the bed sheet. There was no evidence of any blood from the allegedly removed tampon found anywhere during the course of the investigation of the case.



FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

29. On the audio recording of the interview, Defendant MARTIN can be heard telling AV1 that her earlier version of events was different in that she previously stated she didn't know if Mr. McGrew had touched her sexually. However, Defendant MARTIN did not indicate in his investigative reports the fact that AV1's story had changed. Those reports were forwarded to the District Attorney's Office to assist in the prosecution against Mr. McGrew.

30. Defendant MARTIN indicated in his reports that AV1 said she woke up to Mr. McGrew fingering her in her vagina. Defendant MARTIN made no mention of the fact that, for the first 34 minutes of the interview, AV1 had maintained that she did not know whether Mr. McGrew had touched her sexually. Defendant MARTIN did not reflect in his investigative reports the fact that the alleged victims changed their stories at any point. Those reports were forwarded to the District Attorney's Office to assist in the prosecution against Mr. McGrew.

31. Immediately after AV1 changed her story and told the deputy defendants that she woke up to being fingered, AV2 changed her story and said she woke up to Mr. McGrew touching her "all over" and touching her "boobs." Immediately after AV2 changed her story and said she woke up to Mr. McGrew touching her breasts, AV1 added that Mr. McGrew was touching AV1's, as well. Despite the fact that the alleged victims' stories were changing and that they were, obviously, feeding off of each other's comments, the defendant deputies still did not separate the alleged victims for further questioning.

32. Defendant MARTIN did not indicate in his investigative reports the changes in the alleged victims' stories even though such information was material

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

to such a case as it directly reflects on the credibility of the two reporting parties. Those reports were forwarded to the District Attorney's Office to assist in the prosecution against Mr. McGrew.

33. At no point during the interview of AV2 by Defendant MARTIN did she allege that Mr. McGrew placed his fingers insider her vagina. However, Defendant MARTIN wrote in his investigative report that AV2 claimed she woke up with Mr. McGrew's "hand" in her vagina. That report was forwarded to the District Attorney's Office to assist in the prosecution against Mr. McGrew.

34. During the recorded interview, in the alleged victims' bedroom, Defendants MARTIN and MOLLENKOPF discovered a plastic baggie of what the defendant deputies can be heard saying they believed to be methamphetamine. Defendant MARTIN can be heard talking about how he was certain the baggie contained methamphetamine and he can be heard to say that there were "meth baggies everywhere" in the alleged victims' residence. Defendant MARTIN can be heard discussing the methamphetamine baggies with Defendant MOLLENKOPF and telling Defendant MOLLENKOPF to book the baggie of suspected methamphetamine into evidence and to get fingerprints off of it.

35. No baggie containing suspected methamphetamine was booked into evidence. No baggie containing suspected methamphetamine was tested for fingerprints. There was absolutely no mention of any methamphetamine baggie(s) anywhere in any of the defendant deputies' reports. Evidence of narcotics found in the alleged victims' room would have been material to the credibility of the alleged victims as its presence would suggest motive for lying and/or suggest that their



FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

perception of events might have been less than accurate given that they might have been under the influence of said substance.

36. While testifying at trial, the defendant deputies testified untruthfully denying that they located any such baggies. When confronted with the audio recordings, the defendant deputies provided no explanations for them not making any reference to the meth baggie(s) in their investigative reports and for not booking them into evidence. They also provided no explanation for their previous testimonial denials of locating the baggie(s).

37. On 5/2/12, Defendants MARTIN and MOLLENKOPF interviewed AV1's older sister Kate Bourgeois. Kate Bourgeois was present on the night of the incident. Kate Bourgeois told Defendants MARTIN and MOLLENKOPF that, on the night of the incident, she was in the living room and went to AV1's bedroom when she heard AV1 and AV2 talking loudly. She said that, as she entered the room, she saw AV1 and AV2 standing in the bedroom. She also saw an unknown male in the bed. She told Defendants MARTIN and MOLLENKOPF that she thought AV1 and AV2 were joking because they were laughing. As Kate Bourgeois told Defendants MARTIN and MOLLENKOPF this, AV1 and AV2 were present and the three of them began to laugh as they recalled the night of the incident. Defendants MARTIN and MOLLENKOPF did not report that the alleged victims laughed as they recounted the events with Kate Bourgeois.

38. During the initial interview of the alleged victims by the defendant deputies, the alleged victims claimed that Mr. McGrew had opened and snuck

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

through their bedroom window. However, the defendant deputies did not have the window or the area around the window dusted for fingerprints.

39. The defendant deputies' reports were forwarded to the San Luis Obispo County District Attorney's Office for their consideration in the filing of criminal charges against Mr. McGrew.

40. Mr. McGrew was arrested on 5/3/14.

41. On 5/2/12, following the interview by Defendants MARTIN and MOLLENKOPF, the alleged victims were sent to the emergency room of Arroyo Grande Community Hospital for a Sexual Assault Rape Test (SART). AV1 was also sent to the emergency room for an evaluation of her arm since she had complained repeatedly to Defendant MARTIN that her arm hurt, was numb, and she wanted an x-ray performed.

42. Both alleged victims reported to the emergency room and were checked-in. Both alleged victims left the emergency room against medical advice prior to the SART team arriving. AV1 even left the emergency room against medical advice prior to having her arm x-rayed.

43. Defendant San Luis Obispo County Sheriff's Detective Sonja O'Donohoe was the lead investigator in this case. Defendant O'DONOHOE testified that she has many years of experience investigating sexual assault crimes. Defendant O'DONOHOE also testified that the San Luis Obispo County Sheriff's Department even uses her to train other officers regarding investigation techniques for sexual assault crimes.



FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

44. On 5/8/12, after having reviewed the investigative reports of Defendants MARTIN and MOLLENKOPF, Defendant O'DONOHOE interviewed both alleged victims regarding the incident. During her interview of AV2, Defendant O'DONOHOE questioned AV2 extensively on the issue of whether AV2 actually felt Mr. McGrew fingering her. The audio of the interview was recorded. On the audio recording, Defendant O'DONOHOE can be heard asking AV2 if she actually felt Mr. McGrew's fingers inside AV2's vagina or if AV2 just thought that Mr. McGrew fingered her because AV1 was claiming he did that to AV1. AV2 can be heard telling Defendant O'DONOHOE that she did not know if she ever felt Mr. McGrew's fingers inside of her vagina.

45. Nonetheless, Defendant O'DONOHOE lied in her investigative report and wrote that AV2 "was positive that she felt [Mr. McGrew's] fingers inside of her vagina." That report was forwarded to the District Attorney's Office to assist in the prosecution of this case.

46. At different points during Defendant O'DONOHOE's interview with AV2, AV2 asked Defendant O'DONOHOE and the accompanying deputy sheriff if they were wearing secret microphones. AV2's concern about the officers wearing secret microphones suggests AV2 was not being truthful in her statements. However, in her investigative report, Defendant O'DONOHOE made no mention of AV2 asking about secret microphones.

47. During Defendant O'DONOHOE's 5/8/12 interview of AV1, AV1's story was grossly inconsistent with the version she told on 5/2/12 to Defendant MARTIN. AV1's story on 5/8/12 also had several contradictions within itself.

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

Defendant O'DONOHOE did not reflect any of these inconsistencies in her investigative report. These inconsistencies were only discovered by listening to the audio recording of the interview.

48. On 5/8/12, Defendant O'DONOHOE interviewed AV1's older sister Kate Bourgeois. Kate Bourgeois was present on the night of the incident. Kate Bourgeois told Defendant O'DONOHOE that, on the night of the incident, she was in the living room and went to AV1's bedroom when she heard AV1 and AV2 talking loudly. She said that, as she entered the room, she saw AV1 and AV2 standing in the bedroom. She also saw an unknown male in the bed. She told Defendant O'DONOHOE that she thought AV1 and AV2 were joking because they were laughing. As Kate Bourgeois told Defendant O'DONOHOE this, AV1 and AV2 were present and the three of them began to laugh as they recalled the night of the incident.

49. Defendant O'DONOHOE obtained releases from the alleged victims to obtain their medical records. Despite both alleged victims having told Defendant O'DONOHOE that each of them had histories of anxiety and that, on the night of the incident, each of them took anti-anxiety medication, Defendant O'DONOHOE told the alleged victims that she was not seeking to obtain any psychological records. Detective O'DONOHOE crossed out the portion of the signed releases pertaining to psychological records indicating that the alleged victims were not releasing psychological records. Defendant O'DONOHOE did not seek any psychological records for either of the alleged victims.



FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

50. Defendant O'DONOHOE obtained the alleged victims' medical records from the emergency room visit on 5/2/12. Defendant O'DONOHOE did not indicate in any of her investigative reports that the alleged victims left the emergency room against medical advice prior to being evaluated by the SART team. Defendant O'DONOHOE's investigative reports were forwarded to the district attorney to assist in the prosecution of Mr. McGrew.

51. As a result of the misconduct of Defendants MARTIN, MOLLENKOPF, and O'DONOHOE, Mr. McGrew was arrested and charged in San Luis Obispo Superior Court case number F473745 with Assault on a Minor With Intent to Commit a Felony upon AV1, Penal Code section 220(A)(2); Assault With Intent to Commit a Felony-First Degree Burglary upon AV1, PC section 220 (B); Assault With Intent to Commit a Felony-First Degree Burglary upon AV2, PC section 220(B); Penetration of an Unconscious Person (AV1), PC section 289(D) (1); Penetration of an Unconscious Person (AV2), PC section 289(D)(1); First Degree Residential Burglary, PC section 459; and Felony Child Molesting upon AV1, PC section 647.6(B).

52. As a result of the misconduct of Defendants MARTIN, MOLLENKOPF, and O'DONOHOE, Mr. McGrew's bail was set at $1,000,000. Mr. McGrew was unable to afford that bail amount. That bail amount effectively meant that he was required to sit in jail until he was acquitted at trial.

53. As a result of Defendant O'DONOHOE's misconduct in filing a false police report (Penal Code section 118.1) as described in paragraphs 43-45 above, the undersigned submitted a personnel complaint to Defendant San Luis Obispo



FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

County Sheriff's Department (SLOSD). On 9/18/13, Defendant Commander Jim Voge, from the San Luis Obispo County Sheriff's Department's Professional Standards Unit, confirmed receipt of the personnel complaint filed against Defendant O'DONOHOE. The above referenced false reporting was referenced in the personnel complaint along with a copy of the audio recording, a transcript of the audio recording, and a copy of Defendant O'DONOHOE's investigative report.

54. Defendants SLOSD, PARKINSON and VOGE did not remove Defendant O'DONOHOE from the McGrew criminal case while they allegedly investigated these rather serious allegations of her misconduct. Defendants SLOSD, PARKINSON and VOGE kept her in her role as lead investigator in the case where she remained in charge of evidence collection, continued to interview witnesses, and continued to be trusted to perform other investigative functions.

55. On 10/3/13, while Defendants SLOSD and VOGE's investigation of Defendant O'DONOHOE's misconduct was allegedly ongoing, she met with AV1 and AV1's family. That meeting was recorded. During that meeting, Detective O'DONOHOE told AV1 and her family that the criminal trial in the McGrew case that was scheduled to begin in October had to be rescheduled because Mr. McGrew and his attorney were trying to derail the trial. Defendant O'Dohonoe told AV1 and her family that Mr. McGrew was "grandstanding," that he was a "lizard," and that he was getting advice from jailhouse attorneys on how to derail the trial. She told AV1 and her family that this was "a common delay tactic" and that she was "waiting for the next scud" to be lobbed to try to derail the trial. All of Det. O'DONOHOE's statements were untrue. On the recording of the meeting,



FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

Defendant O'DONOHOE can also be heard saying that she was "trying to make the best case possible." She also made several statements to AV1 and her family that Mr. McGrew needed to be locked up for a very long time. Defendant O'DONOHOE also made several comments in that recording about being personally frustrated and having her own blood pressure rise as a result of this case.

56. At the trial of Michael McGrew, Defendant O'DONOHOE was confronted about her untrue statements to AV1 and her family. Defendant O'DONOHOE testified that, despite her untrue statements to AV1 and her family, the only reason she could think of that the trial was continued was because she, Defendant O'DONOHOE, had elected to test AV1's DNA and that the prosecution needed additional time to receive those DNA results.

57. On October 17, 2013, Defendant SLOSD, through Defendant VOGE, concluded that the allegations in the personnel complaint against Defendant O'DONOHOE were "unfounded."

58. On February 21, 2014, jury selection began in Michael McGrew's criminal trial.

59. The charges against Mr. McGrew at the time of trial were Assault on a Minor, Age 16, With Intent to Commit Rape and/or Sexual Penetration by Force [Penal Code section 220(a)(2)]; Assault With Intent to Commit Rape and/of Sexual Penetration by Force While Committing First Degree Burglary [Penal Code section 220(a) and (b)] - Alleged Victim Age 16; Assault With Intent to Commit Rape and/ of Sexual Penetration by Force While Committing First Degree Burglary [Penal



FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

Code section 220(a) and (b)] - Alleged Victim Age 18; Sexual Penetration of an Unconscious Person [Penal Code section 289(d)] - Alleged Victim Age 16; Sexual Penetration of an Unconscious Person [Penal Code section 289(d)] - Alleged Victim Age 18; First Degree Residential Burglary (Penal Code section 459); Child Molestation in an Inhabited Dwelling [Penal Code section 647.6(b)] - Alleged Victim Age 16; Child Molestation [Penal Code section 647.6(b)] - Alleged Victim Age 16; and enhancement that the crimes Were Perpetrated on Separate Victims [Penal Code section 667.6(d)].

60. Jury selection required two panels of approximately 75 prospective jurors. During jury selection, Mr. McGrew sat in court in front of approximately 150 prospective jurors - members of his community - as each of the allegations were read. During the reading of the allegations against him in front of the first panel of jurors, a female prospective juror broke down, crying loudly and uncontrollably while Mr. McGrew sat before the crowded courtroom.

61. On March 14, 2014, after approximately three weeks of trial and under two hours of deliberation, the jury returned with unanimous Not Guilty verdicts as to all allegations against Mr. McGrew.

62. As of March 14, 2014, Mr. McGrew had been incarcerated in the San Luis Obispo County jail for almost 23 months while he awaited trial.

63. While in custody awaiting trial, Mr. McGrew was assaulted by other inmates five times due to the nature of the allegations against Mr. McGrew. Mr. McGrew lost two teeth in those assaults. Consequently, Mr. McGrew spent most

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

of his time in jail in protective custody, the most oppressive and restrictive form of incarceration.

64. While incarcerated awaiting trial, Mr. McGrew was unable to work and lost substantial income.

65. While incarcerated awaiting trial, Mr. McGrew lost personal property that was kept in a storage unit due to his inability to pay rent for that storage unit.

66. On March 17, 2014, the Monday following his acquittal and release, Mr. McGrew was walking from a convenience store to his attorney's office, a car full of men who recognized Mr. McGrew from jail stopped him and confronted him regarding why Mr. McGrew was housed in protective custody. The men became aggressive with him and asked Mr. McGrew if he was a "pervert."

## V. REQUISITES FOR RELIEF

67. As a direct and proximate result of the conduct of defendants described above, PLAINTIFF has been denied his constitutional rights as stated below and has suffered physical injury, mental and emotional distress, humiliation, embarrassment, discomfort, anxiety, pain, loss of property and continues to suffer mental and emotional distress, humiliation, embarrassment, discomfort, and anxiety.

68. Defendants' acts were willful, wanton, malicious, oppressive and done with conscious disregard and deliberate indifference for PLAINTIFF's rights. Therefore, defendants' actions justify an award to PLAINTIFF of punitive damages in an amount to be determined at trial.



FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

69. Defendants acted with intent to violate PLAINTIFF's legal and constitutional rights, and have directly and proximately caused PLAINTIFF's physical injuries, loss of income, loss of personal property, humiliation, and mental and emotional pain and suffering. As a direct, legal and proximate result of defendants' violations of PLAINTIFF's constitutional rights, PLAINTIFF has been damaged in an amount which is not yet known. PLAINTIFF will seek leave of Court to amend this Complaint when ascertained, or will amend to conform to proof at time of trial.

70. At all times herein mentioned, defendants had an obligation to comply with federal laws regarding PLAINTIFF's constitutional rights. Defendants failed to meet these obligations with respect to PLAINTIFF.

## VI. FIRST CAUSE OF ACTION
**[Civil Rights Cause of Action (42 U.S.C. §1983)
Fourth and Fourteenth Amendments of the United States Constitution - Unlawful Seizure, False arrest, False Imprisonment, and Intentional Infliction of Emotional Distress]**

(Against all defendants in their individual and official capacities except SLOSD)

71. PLAINTIFF incorporates by reference and realleges paragraphs 1-70 of this Complaint.

72. Defendants, acting under color of law and in concert with one another, have engaged in a pattern and practice of intentional misrepresentation of material facts and suppression of material exculpatory facts in investigation efforts. Defendants have engaged in a pattern and practice of not preventing each other from intentionally misreporting the facts in investigation efforts. In so doing,



FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

defendants have caused PLAINTIFF to suffer deprivation of his right to be free from unlawful seizure, false imprisonment, and intentional infliction of emotional distress, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

73. Defendants acting under color of law, instituted, executed, caused to be executed, authorized, tolerated, ratified, failed to intervene to cause cessation of, approved, permitted and acquiesced in policies, practices and customs of seizures which involve misrepresentation of material facts and suppression of material exculpatory facts in the provision of law enforcement services and the unlawful arrest and false imprisonment of PLAINTIFF.

74. The defendants' acts were done in knowing violation of PLAINTIFF's legal and constitutional rights, and have directly and proximately caused PLAINTIFF's unlawful arrest, bodily injury, humiliation, mental pain and suffering, loss of property, and loss of income.

## VII. SECOND CAUSE OF ACTION
**[Civil Rights Cause of Action (42 U.S.C. §1983)**
**Fourteenth Amendment - Due Process]**

(Against all defendants in their individual and official capacities except SLOSD)

75. PLAINTIFF incorporates by reference and realleges paragraphs 1-74 of this Complaint.

76. Defendants, acting under color of law and in concert with one another, have engaged in a pattern and practice of intentional misrepresentation of material facts and suppression of material exculpatory facts in investigation efforts.

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

Further, Defendants, acting under color of law and in concert with one another, have engaged in a pattern and practice of not preventing each other from intentionally misreporting the facts in investigation efforts. In so doing, defendants have caused PLAINTIFF to suffer deprivation of his right to liberty, in violation of his due process rights under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

77. Defendants acting under color of law, instituted, executed, caused to be executed, authorized, tolerated, ratified, failed to intervene to cause cessation of, approved, permitted and acquiesced in policies, practices and customs of seizures which involve misrepresentation of material facts and suppression of material exculpatory facts in the provision of law enforcement services and the unlawful arrest and false imprisonment of PLAINTIFF in violation of his due process rights.

78. The defendants' acts were done in knowing violation of PLAINTIFF's legal and constitutional rights, and have directly and proximately caused PLAINTIFF's unlawful arrest, bodily injury, humiliation, mental pain and suffering, loss of property, and loss of income.

**VIII. THIRD CAUSE OF ACTION**
**[Civil Rights Cause of Action (42 U.S.C. §1983)**
**Fourteenth Amendment - Malicious Prosecution]**
(Against all defendants in their individual and official capacities except SLOSD)

79. PLAINTIFF incorporates by reference and realleges paragraphs 1-78 of this Complaint.



FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

80. Defendants, acting under color of law and in concert with one another, intentionally and maliciously instituted a legal action against PLAINTIFF without probable cause.

81. After a three-week trial, PLAINTIFF was found Not Guilty of all charges in less than two hours of jury deliberations.

82. Defendants acted with reckless disregard of the law and of the legal rights of PLAINTIFF in causing a criminal prosecution to begin.

83. PLAINTIFF was subjected to humiliation, fear, physical assault, bodily injury, loss of income, loss of property, and pain and suffering as a result of the illegal acts of Defendants.

84. PLAINTIFF is entitled to compensatory damages, punitive damages, and attorney's fees under 42 U.S.C. §1988, and all applicable law, and such additional relief as the Court deems just.

**IX. FOURTH CAUSE OF ACTION**
**[Civil Rights Cause of Action (42 U.S.C. §1983)**
**Failure to Properly Train]**
(Against Defendants PARKINSON, SLOSD, COUNTY OF SAN LUIS OBISPO, and DOES 26-50)

85. PLAINTIFF incorporates by reference and realleges paragraphs 1-84 of this Complaint.

86. The Defendants PARKINSON, SLOSD, and COUNTY as a matter of custom, practice and policy, failed to maintain adequate and proper training as to the constitutional rights of citizens and arrestees; to prevent the consistent and systematic misrepresentation of material facts and suppression of material

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

exculpatory facts by officers and to properly investigate allegations regarding officers who engage in such acts.

87. Defendants failed to provide adequate training to law enforcement officers on the proper protocol and procedure on investigation, detention and arrest of citizens.

88. Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

89. The failure to promulgate or maintain constitutionally adequate training was with deliberate indifference to the rights of PLAINTIFF and others in his position.

90. The constitutionally infirm lack of adequate training as to the officers in this case caused PLAINTIFF damages.

91. PLAINTIFF was subjected to humiliation, fear, physical assault, bodily injury, loss of income, loss of property, and pain and suffering as a result of the illegal acts of Defendants.

## X. FIFTH CAUSE OF ACTION
**[Civil Rights Cause of Action (42 U.S.C. §1983)**
**Failure to Supervise and Discipline]**

(Against Defendants PARKINSON, VOGE, SLOSD, COUNTY OF SAN LUIS OBISPO, and DOES 26-50)

92. PLAINTIFF incorporates by reference and realleges paragraphs 1-91 of this Complaint.

93. The Defendants PARKINSON, VOGE, SLOSD, and COUNTY as a matter of custom, practice and policy, failed to supervise law enforcement officers



FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

to prevent, deter and punish the unconstitutional misrepresentation of material facts and suppression of material exculpatory facts during investigations.

94. Upon information and belief, the defendants knew or should have known of the propensities of Defendants MARTIN, MOLLENKOPF, and O'DONOHOE to misrepresent material facts and to suppress material exculpatory facts in the course of investigations and took no steps to supervise them, correct their unconstitutional practices, or discourage their unconstitutional practices. Further, defendants were put on notice of defendant O'DONHOE's propensity to misrepresent material facts and took no steps to supervise her, correct her, or discourage her unconstitutional and unlawful practice of misrepresenting material facts in the course of investigations.

95. To the contrary, defendants condoned, acquiesced in the unlawful behavior of law enforcement officers by refusing to train them, discipline them, or correct their unlawful behavior.

96. Defendants MARTIN, MOLLENKOPF, and O'DONOHOE were not disciplined for their unlawful misrepresentation of material facts or suppression of material exculpatory facts in the investigation of PLAINTIFF's criminal case.

97. Defendants were, or should have been aware that the policy regarding supervision and discipline of officers who violate the civil rights of citizens and file false police reports was so inadequate that it was obvious that a failure to correct it would result in further incidents of such unlawful conduct by their officers.

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

98. The constitutionally deficient investigation and lack of discipline was done with deliberate indifference to the rights of PLAINTIFF and others in his position.

99. The lack of adequate supervision and discipline caused PLAINTIFF's damages.

100. PLAINTIFF was subjected to humiliation, fear, physical assault, bodily injury, loss of income, loss of property, and pain and suffering as a result of the acts of Defendants.

## XI. SIXTH CAUSE OF ACTION

**[Civil Rights Cause of Action (42 U.S.C. §1983)**

**Eighth Amendment - Cruel and Unusual Punishment**

(Against all defendants in their individual and official capacities except SLOSD)

101. PLAINTIFF incorporates by reference and realleges paragraphs 1-100 of this Complaint.

102. Defendants knew or should have known the excessive risk to PLAINTIFF's safety by misrepresenting material facts and suppressing material exculpatory facts in the investigative reports and Defendants disregarded that risk. The false allegations made against PLAINTIFF were of a sexual nature and against one alleged victim who was under the age of 18. Defendants knew or should have known the excessive risk of physical harm posed to individuals pending such charges by other inmates incarcerated in the San Luis Obispo County Jail. Nonetheless, Defendants intentionally misrepresented material facts in the investigation in a manner that tended to incriminate PLAINTIFF and suppressed

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

material exculpatory facts. Accordingly, Defendants were deliberately indifferent to the risk of jail attacks against PLAINTIFF by other inmates.

103. Defendants, by misrepresenting material facts and suppressing material exculpatory facts proximately and actually caused PLAINTIFF to be arrested on the aforementioned criminal charges, thereby causing PLAINTIFF's bail to be set at $1,000,000, thereby causing PLAINTIFF to remain in the San Luis Obispo County Jail pending trial, thereby proximately and actually causing PLAINTIFF to be subjected to the excessive risk of attack by other inmates, thereby causing PLAINTIFF to actually be attacked by other inmates on five occasions wherein PLAINTIFF suffered the loss of two teeth. As a result of PLAINTIFF having been attacked, PLAINTIFF was placed in protective custody, the most oppressive and restrictive form of incarceration, for almost two years.

104. Defendants, by their actions, have denied PLAINTIFF of the rights and protections provided by the Eighth Amendment of the United States of America.

105. As a further and proximate result of Defendants' violations of the Eighth Amendment, PLAINTIFF has suffered harm in the form of physical injury including but not limited to the loss of two teeth, emotional pain and suffering, humiliation, degradation, and emotional stress entitling him to his actual damages in an amount to be determined at trial.

106. In light of Defendants' willful, knowing and intentional violations of the law against PLAINTIFF and their reckless and callous indifference to the rights

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

og PLAINTIFF, PLAINTIFF seeks an award of punitive and exemplary damages in an amount to be determined at trial.

107. Pursuant to 42 U.S.C. §1988, PLAINTIFF is also entitled to his reasonable costs and attorney's fees.

## XII. SEVENTH CAUSE OF ACTION
**[Intentional Infliction of Emotional Distress]**
(Against Defendants MARTIN, MOLLENKOPF, O'DONOHOE and DOES 1-25)

108. PLAINTIFF incorporates by reference and realleges paragraphs 1-107 of this Complaint.

109. By engaging in the acts alleged herein, Defendants MARTIN, MOLLENKOPF, O'DONOHOE and DOES 1-25 engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing PLAINTIFF to suffer emotional distress.

110. As a direct, proximate and foreseeable result, PLAINTIFF suffered severe emotional distress.

111. The conduct of Defendants also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants for the purpose of punishment and for the sake of example.

## XIII. EIGHTH CAUSE OF ACTION
**[Negligence]**
(Against all Defendants)

112. PLAINTIFF incorporates by reference and realleges paragraphs 1-111 of this Complaint.



FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

113. Defendants had a duty to PLAINTIFF to act with ordinary care and prudence so as not to cause harm or injury to another.

114. By engaging in the acts alleged herein, Defendants MARTIN, MOLLENKOPF, O'DONOHOE, VOGE, and Does 1-25 failed to act with ordinary care and breached their duty of care owed to PLAINTIFF.

115. Defendants PARKINSON, VOGE, SLOSD, County of San Luis Obispo, and Does 26-50 failed to act with ordinary care in failing to properly train and supervise their officers with respect to proper procedures on investigation, detention, and arrest of citizens.

116. As a direct, proximate and foreseeable result of defendants' breach of their duty of care, PLAINTIFF suffered damages in an amount according to proof at the time of trial.

## XIV. NINTH CAUSE OF ACTION

**[Civil Rights Violation - Article 1, §13 of the California Constitution]**

(Against all defendants in their individual and official capacities except SLOSD)

117. PLAINTIFF incorporates by reference and realleges paragraphs 1-116 of this Complaint.

118. Defendants' above-described conduct violated PLAINTIFF's right to be free from unreasonable searches and seizures under Article 1, § 13 of the California Constitution. Defendants, acting under color of law and in concert with one another, have engaged in a pattern and practice of intentional misrepresentation of material facts and suppression of material exculpatory facts in

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

investigation efforts. Defendants have caused PLAINTIFF to suffer deprivation of his right to be free from unlawful seizure, false imprisonment, and intentional infliction of emotional distress, in violation of Article 1, § 13 of the California Constitution.

119. Defendants acting under color of law, instituted, executed, caused to be executed, authorized, tolerated, ratified, failed to intervene to cause cessation of, approved, permitted and acquiesced in policies, practices and customs of seizures which involve misrepresentation of material facts and suppression of material exculpatory facts in the provision of law enforcement services and the unlawful arrest and false imprisonment of PLAINTIFF.

120. The defendants' acts were done in knowing violation of PLAINTIFF's legal and constitutional rights, and have directly and proximately caused PLAINTIFF's unlawful arrest, bodily injury, humiliation, mental pain and suffering, loss of property, and loss of income.

**XV. TENTH CAUSE OF ACTION**
**[False Arrest/Imprisonment]**
(Against all defendants in their individual and official capacities except SLOSD)

121. PLAINTIFF incorporates by reference and realleges paragraphs 1-120 of this Complaint.

122. On or about 5/3/12, at Nipomo, California, PLAINTIFF was caused to be unlawfully seized and arrested by Defendants, and each of them, maliciously and without probable cause. Defendants, by misrepresenting material facts and

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

suppressing material exculpatory facts proximately and actually caused PLAINTIFF to be arrested on the aforementioned criminal charges, thereby causing PLAINTIFF's bail to be set at $1,000,000, thereby causing PLAINTIFF to remain in the San Luis Obispo County Jail pending trial. PLAINTIFF remained in custody at the San Luis Obispo County Jail for almost 23 months until his release following his acquittal on 3/14/14.

123. As a direct and proximate result of the acts of the defendants, and all of them, PLAINTIFF suffered damages, loss, and harm.

124. As a direct and proximate result of the foregoing, PLAINTIFF has been damages as recited above and demands and is entitled to the damages including, but not limited to, compensatory and punitive damages (except as to Defendant COUNTY).

## XVI. ELEVENTH CAUSE OF ACTION
**[Civil Conspiracy]**
(Against all Defendants)

125. PLAINTIFF incorporates by reference and realleges paragraphs 1-124 of this Complaint.

126. Commencing on or about the aforementioned date and time, and thereafter, Defendants and each of them, combined and agreed to misrepresent material facts and suppress exculpatory material facts, falsely arrest, falsely imprison, maliciously prosecute, and intentionally cause extreme emotional suffering to PLAINTIFF. Defendants carried out and perpetrated the mutually supportive conspiracy to deprive and did deprive PLAINTIFF of rights to be free



FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

of unreasonable seizures, false arrest, false imprisonment, malicious prosecution, and unjustified mental suffering.

127. In furtherance of the aforesaid agreement and combination, Defendants VOGE, PARKINSON, SLOSD, and DOES 1-50 instituted, executed, caused to be executed, authorized, tolerated, ratified, failed to intervene to cause cessation of, approved, permitted and acquiesced in policies, practices and customs the misrepresentation of material facts and suppression of material exculpatory facts in the provision of Defendants and the unlawful arrest and false imprisonment of PLAINTIFF.

128. Defendants' felonious and unconstitutional acts and omission as hereinbefore alleged proximately caused PLAINTIFF to be damages.

129. As a direct and proximate result of the foregoing, PLAINTIFF has been damages as recited above and demands and is entitled to the damages including, but not limited to, compensatory and punitive damages (except as to Defendant COUNTY).

## XVII. TWELFTH CAUSE OF ACTION
## [Torts in Essence]
(Against all defendants in their individual and official capacities except SLOSD)

130. PLAINTIFF incorporates by reference and realleges paragraphs 1-129 of this Complaint.

131. Defendants, and each of them, owed a duty to PLAINTIFF nonconsensual duties set forth in California Penal Code §§ 118.1 (false report by a peace officer), 148.5 (false report of a crime to law enforcement), 134 (preparing



FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

false evidence, 132 (offering false evidence), 127 (subordination of perjury), 147 (willful oppression and inhumanity to a prisoner), 182 (conspiracy to commit a crime), 182(2) (conspiracy to obstruct justice), 832.5 (citizen complaint investigations required).

132. Defendants, and each of them, failed to abide by said nonconsensual duties in that Defendants, and each of them, violated the aforesaid Penal Code sections as explained above.

133. As a direct and proximate result of the foregoing, PLAINTIFF has been damages as recited above and demands and is entitled to the damages including, but not limited to, compensatory and punitive damages (except as to Defendant COUNTY).

## XVIII. THIRTEENTH CAUSE OF ACTION
**[Intentional Infliction of Emotional Distress]**

(Against all defendants in their individual and official capacities except SLOSD)

134. PLAINTIFF incorporates by reference and realleges paragraphs 1-133 of this Complaint.

135. At all times relevant, Defendants, and each of them, owed a duty of care to PLAINTIFF including but not limited to, the care, service, and protection by Defendants.

136. Defendants, and each of them, unlawfully caused PLAINTIFF to be illegally arrested, falsely imprisoned, maliciously prosecuted and conspired among themselves to cover up their lawlessness and thwart PLAINTIFF's right to recover damages against them.



FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

137. In doing the aforementioned, Defendants conduct was intentional, outrageous, malicious, and done for the purpose of or with reckless disregard for the consequences causing PLAINTIFF emotional suffering and mental distress, physical pain, the indignity of being criminally prosecuted for sex crimes, fear, anxiety, and mental anguish.

138. In doing the aforementioned, Defendants' conduct was intentional, outrageous, malicious, and done for the purpose of or with reckless disregard for the consequences, causing PLAINTIFF emotional suffering and mental distress, physical pain, the indignity of being criminally prosecuted for sex crimes, fear, anxiety, and mental anguish.

139. As a direct and proximate result of the foregoing, PLAINTIFF has been damages as recited above and demands and is entitled to the damages including, but not limited to, compensatory and punitive damages (except as to Defendant COUNTY).

## XIX. PRAYER FOR DAMAGES

WHEREFORE, PLAINTIFF prays for judgment against the defendants, and each of them, as follows:

1. For General Damages for upset, pain and suffering, in amount(s) in excess of the minimum jurisdictional amount of this court, and according to proof at the time of trial;

2. For Special Damages for loss of property and loss of earnings, reputation injury leading to loss of earnings and loss of earning capacity including



FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401

all other such reasonable earnings, future dental expenses, and other expense(s) in amounts according to proof at the time of trial;

3. Award exemplary and punitive damages against all defendants sued in their individual capacities in an amount to be proven at trial;

4. Award attorney's fees under 42 U.S.C. §1988;

5. For costs of suit; and

6. For such other and further relief as the Court may deem just and proper.

**XX. DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b), Federal Rules of Civil Procedure and Rule 3-6, Local Rules, United States District Court, Northern District of California, PLAINTIFF demands a trial by jury for all the issues plead herein so triable.

Dated:

Respectfully submitted,
FISHER LAW OFFICE

By: s/David L. Fisher
DAVID L. FISHER, ESQ.

Attorney for Plaintiff
MICHAEL AARON MCGREW
Email: fisherlaw78@yahoo.com

FISHER LAW OFFICE
1322 Morro Street
San Luis Obispo, CA 93401